UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:10-CR-32-TLS |
| | ) | |
| BRANDON TERRY | ) | |

**OPINION AND ORDER**

This Court granted the Defendant's request for the appointment of counsel in connection with possible resentencing under the amended cocaine base guidelines. On November 28, 2011, attorney Thomas N. O'Malley filed a Motion to Withdraw as Court Appointed Counsel [ECF No. 30] and, in a Notice to the Court, explained that the Defendant is not entitled to a reduction in his sentence. On January 3, 2012, the Court granted Attorney Thomas N. O'Malley's Motion to Withdraw [ECF No. 33], but stayed the Order on January 26. On February 27, the Defendant filed his pro se Motion to Reduce Sentence Pursuant to Title 18 U.S.C. 3582(c)(2) [ECF No. 35], with attached Memorandum of Law and Exhibits.

The Defendant argues that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) because he was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. The Court noted previously (Order, ECF No. 33) that the Defendant's term of imprisonment was not based on the Guidelines, but was based on his plea agreement, which contained a binding provision for a specific term of imprisonment. The Defendant argues that the binding plea agreement term does not foreclose relief because his plea agreement did "not provide him with advance notice that he is not entitled to seek a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), and in response to the recently enacted FSA of 2010 and newly amended [Guidelines]." (Def.'s Mem.

25, ECF No. 35 at 31.) He asserts that he cannot be precluded from the reduction on the basis of a plea agreement that did not contain this notice because he would not have knowingly waived such a right and his plea could be rendered involuntary.

The Court has authority to lower the Defendant's sentence if his "term of imprisonment was *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). In *Freeman v. United States*, 131 S. Ct. 2685 (2011), four justices concluded that "a district judge's decision to impose a sentence may . . . be based on the Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C)," because the district judge must consider the Guidelines and calculate the defendant's relevant guideline range when deciding whether to accept the plea agreement. 131 S. Ct. at 2690, 2692–93 (plurality). In her concurring opinion, Justice Sotomayor agreed that Freeman was eligible for a sentence reduction but took a narrower view of when the sentence imposed using a Rule 11(c)(1)(C) agreement is "based on" the Guidelines. She concluded:

> [I]f a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under §3582(c)(2).

*Id.* at 2695. She stated that "[t]he mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon." *Id.* at 2697; *see also id.* at 2698 n.5 ("If a (C) agreement does not indicate the parties' intent to base the term of imprisonment on a particular Guideline range subsequently lowered by the Commission, then § 3582(c)(2) simply does not apply"). Justice Sotomayor's concurrence is narrower than the

plurality opinion and represents the controlling standard for § 3582(c)(2) eligibility in cases involving a type (C) agreement that calls for a specific sentence. *See Marks v. United States*, 430 U.S. 188, 193 (1977) (holding that when five Justices do not agree on the same rationale explaining the results of a Supreme Court decision, the holding is that position taken by those members who concurred in the judgment on the narrowest grounds). Although the plurality would only require a demonstration that the district judge had considered the Guideline sentence in the course of accepting the plea agreement and imposing sentence, her holding is a higher threshold requiring that the parties have expressed an intent to base the agreed-upon sentence on a particular Guideline range subsequently lowered by the Commission.

Under this standard, the Court finds that the Defendant does not qualify for a sentence reduction. He entered into a binding agreement with the Government that he be sentenced to a term of imprisonment of 84 months in light of the Government's choice not to file an enhancement for his prior felony drug conviction. (Plea Agr. ¶ 8(d), ECF No. 15.) The following understanding was set forth in the Plea Agreement:

> I acknowledge that I am subject to a statutory mandatory minimum sentence of 10 years based on the amount of the controlled substance involved in the charge contained in Count 2 to which I have agreed to plead guilty, if the government filed the 18 U.S.C. § [851] enhancement regarding my prior final felony drug conviction. However, the government has agreed not to file the section 851 enhancement, and the government and I agree that I should receive a sentence of 84 months imprisonment on Count 2. The abovementioned agreement that I should receive a sentence of 84 months for Count 2 is a binding agreement pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C).

(Plea Agreement ¶ 8(d)). The agreement does not "explicitly employ[ ] a particular Guidelines sentencing range to establish the term of imprisonment." *See Freeman*, 131 S. Ct. at 2698 (Sontomayor, J. concurring in the judgment). Stated differently, the Guideline range is not

3

"evident from the agreement itself." *Id.* at 2697–98 (stating that "[a]s long as that sentencing range is evidence from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range"). The plea agreement does not reference the Defendant's Guideline offense level, criminal history category, or applicable Guideline range.

The guidance from the Seventh Circuit likewise precludes relief for this Defendant because his plea agreement "draws no connection between the agreed-to sentence and the relevant Guidelines range" and does not "clearly reflect an intent that the sentence be modified when the Guidelines shift." *United States v. Ray*, 598 F.3d 407, 410, 411 (7th Cir. 2010); *see also United States v. Franklin*, 600 F.3d 893 (7th Cir. 2010) (declining to reduce a sentence under § 3582(c)(2) where the plea agreement did not reflect an intent to tie the binding term of imprisonment to the Guidelines).

The fact that the Defendant did not waive his rights to pursue relief under § 3582 when he entered the plea does not alter this outcome. Had the Government secured an express waiver of rights under § 3582, it would have merely provided an alternative ground to find the Defendant ineligible for a sentence reduction as long as the Defendant knowing and voluntary entered into the agreement. The fact that the Defendant did not waive his right to move for a sentence reduction under § 3582 allows him to file his Motion and the Court to consider it. However, possessing the right to make a motion does not guarantee that it will be successful.

**CONCLUSION**

Because the Defendant's term of imprisonment was based on his plea agreement and not

4

on the Guidelines, he is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, the Court GRANTS the Motion to Withdraw as Court Appointed Counsel [ECF No. 30] and DENIES the Motion to Reduce Sentence Pursuant to Title 18 U.S.C. 3582(c)(2) [ECF No. 35].

     SO ORDERED on March 1, 2012.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT