UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:10-CR-32-TLS |
| | ) | |
| BRANDON TERRY | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion for Corrected Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 61], filed on April 18, 2013. The Defendant's Motion is predicated on the Fair Sentencing Act and the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Government has filed a Response [ECF No. 63].

**BACKGROUND**

In October 2009, the Defendant, Brandon Terry, committed offenses involving crack cocaine. He pled guilty to Count 2 of the Indictment, charging him with possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). His plea agreement contained the following term:

> I acknowledge that I am subject to a statutory mandatory minimum sentence of 10 years based on the amount of the controlled substance involved in the charge contained in Count 2 to which I have agreed to plead guilty, if the government filed the 18 U.S.C. § [851] enhancement regarding my prior final felony drug conviction. However, the government has agreed not to file the section 851 enhancement, and the government and I agree that I should receive a sentence of 84 months imprisonment on Count 2. The abovementioned agreement that I should receive a sentence of 84 months for Count 2 is a binding agreement pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C).

(Plea Agr. ¶ 8.d, ECF No. 15.)

On September 2, 2010, the Court accepted the plea agreement, determined that the

Defendant was responsible for 6.74 grams of crack cocaine, and that the advisory Guideline range was 70 to 87 months. The Court sentenced the Defendant to 84 months. Although the Defendant later petitioned the Court to reduce his sentence pursuant retroactive amendments to the Guidelines, *see* 18 U.S.C. § 3582(c)(2), the Court denied his request because his sentence was not based on the Guidelines, but was based on the binding term in his plea agreement, which made no reference to the Guidelines. On appeal, the Seventh Circuit affirmed that the district court lacked the authority to modify the Defendant's sentence under § 3582(c)(2). (Notice of Issuance of Mandate, ECF No. 60.)

In 2012, the Supreme Court decided *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Court held that Congress intended the more lenient statutory penalties under the Fair Sentencing Act (FSA) to apply to pre-Act offenders who were sentenced after the FSA took effect on August 3, 2010. *Id.* at 2331–35. The Defendant requests that the Court resentence him in accordance with the Guidelines effective August 3, 2010, and the FSA's new statutory mandatory minimums. Under these provision, the amount of drugs involved in this case do not trigger any statutory minimum. Thus, the Defendant requests that he be sentenced to the low end of the advisory Guideline range—37 months. Although the Government does not explicitly agree to the low end of the range, the Government agrees that the Defendant should be resentenced under the FSA penalties and the current version of the United States Sentencing Guidelines to a term that is within the advisory Guideline range.

## ANALYSIS

In its Response to Defendant's Section 2255 Request, the Government asserts that it is

"exercising its discretion not to assert any procedural default, and is agreeing to waive the waiver provision in [the Defendant's] plea agreement for the limited purpose of pursing" a resentencing with the application of the FSA. (Resp. 6.)

A defendant may challenge a sentence if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" when the defendant shows that his sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). As the Supreme Court has now explained, Congress intended to apply the FSA retroactively to defendants sentenced after its enactment. *Dorsey*, 132 S. Ct. at 2326.

The FSA raised the amount of cocaine base required to trigger the statutory minimum sentences. Had the Defendant been sentenced under the terms of the FSA, he would not have been subject to any statutory mandatory minimum for distribution of 6.74 grams of cocaine base crack. *See* 21 U.S.C. § 841(b). The Defendant falls squarely within the class of offenders who benefit from retroactive application of the FSA's amendments. In light of the holding in *Dorsey*, the Defendant's advisory Guideline range is not affected by a statutory minimum. The advisory range is 37 to 46 months.

The Defendant's § 2255 Motion, and the Government's Response, indicate that there are no material facts in dispute, and that the Defendant is conclusively entitled to relief. Accordingly, the Court vacates the Defendant's sentence of 84 months of imprisonment on

Count 2. *See* 28 U.S.C. § 2255 (stating that, upon granting a § 2255 motion, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate") The Court will resentence the Defendant on Count 2 of the Indictment.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion for Corrected Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 61]. The Court vacates the Defendant's sentence and sets a telephonic status conference for May 15, 2013, at 11:30 AM before Judge Theresa L. Springmann regarding resentencing. The Court will initiate the call. The Defendant is to remain in the custody of the BOP while awaiting a new sentence.

SO ORDERED on May 2, 2013.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT